UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EWING CONSTRUCTION CO., INC. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO.: 2:10-CV-00256 |
| § | |
| AMERISURE INSURANCE COMPANY § | |
| § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ewing Construction Co., Inc. ("Ewing") and files this Original Complaint against Defendant Amerisure Insurance Company ("Amerisure"). In support thereof, Plaintiff would respectfully show this Court the following:

## I.
## THE PARTIES

1. Ewing Construction Co., Inc. is incorporated under the laws of Texas and has its principle place of business in Corpus Christi, Texas.

2. Amerisure Insurance Company is an insurance company organized under the laws of Michigan and has its principal place of business in Farmington Hills, Michigan.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue is proper in this District because a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391. Moreover, the policy of insurance that is the subject matter of this lawsuit was issued to Ewing at its office in Corpus Christi, Texas.

## III.
## FACTUAL BACKGROUND

5.     Ewing Construction Co., Inc. is the named insured under a package insurance policy, including Commercial General Liability coverage, issued by Amerisure Insurance Company, bearing policy number CPP2037436-03 and effective June 1, 2008 to June 1, 2009 (the "Policy"). The Policy was renewed under policy number CPP2037436-04, which was effective June 1, 2009 to June 1, 2010.

6.     Ewing was named a defendant in a lawsuit styled as follows: Cause No. 10-603421; *Tuloso-Midway Independent School District v. Liberty Mutual Insurance Company, et al.*; in County Court at Law No. 1 of Nueces County, Texas (the "Underlying Lawsuit").

7.     The plaintiff in the Underlying Lawsuit, Tuloso-Midway Independent School District ("Tuloso-Midway"), seeks damages from Ewing and others (collectively, the "Underlying Defendants") for damages allegedly sustained by plaintiff as a result of the Underlying Defendants' alleged negligence with regard to the design and construction of a tennis facility in Corpus Christi, Texas.

8.     More specifically, Ewing contracted on March 20, 2008 with Tuloso-Midway to construct tennis courts. The work was to commence on March 30, 2008. Substantial completion of the project was reached on April 20, 2009.

9.     Shortly after completion of the work, Tuloso-Midway alleges "[s]erious tennis court cracking and flaking problems began . . . and have continued since." Moreover, "[c]hunks

of the court surfaces are coming loose. Flaking, crumbling, and cracking make the courts unusable for their intended purpose, competitive tennis events."

10. Because of the alleged problems with the tennis courts, Tuloso-Midway claimed Ewing and/or its subcontractors breached its contract in several ways, including but not limited to "[f]ailing to properly retain and supervise subcontractors." Additionally, Tuloso-Midway claimed Ewing and/or its subcontractors were negligent in proximately causing damage by, among other things, "[f]ailing to properly retain and oversee subcontractors" on the project. Finally, Tuloso-Midway alleges Ewing is liable for the acts and omissions of its subcontractors.

11. Because of the foregoing breaches and negligent acts, Tuloso-Midway seeks damages for the loss of use of the tennis courts and for the cost to repair and remediate the tennis courts.

12. In its First Amended Original Petition in the Underlying Lawsuit, Tuloso-Midway reiterated substantially similar claims. The First Amended Original Petition, which is the live pleading in the Underlying Lawsuit, is attached hereto as Exhibit A.

13. The Underlying Lawsuit initially was filed on February 25, 2010 and Ewing tendered Tuloso-Midway's original petition to Amerisure for a defense and indemnity. On March 4, 2010, however, Amerisure denied that it owed a defense to its insured, Ewing.

14. On June 21, 2010, Amerisure reiterated its denial of coverage.

15. Finally, on July 27, 2010, Amerisure denied coverage again with regard to the allegations contained in the First Amended Petition

16. In denying coverage, Amerisure contends no allegations exist in the Underlying Lawsuit for "property damage" as that term is defined in the Policy.

## V.
## CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following causes of action.

**A.  Declaratory Relief**

18. An actual controversy exists between Ewing and Amerisure with respect to their rights and obligations under the Policy in connection with the Underlying Lawsuit. In particular, a dispute exists as to whether the allegations in the Underlying Lawsuit sufficiently allege a claim for "property damage" as that term is defined in the Policy such that a defense is owed to Ewing in the Underlying Lawsuit.

19. The Defendants seek a declaration that Amerisure is obligated to provide a defense to Ewing in the Underlying Lawsuit.

**B.  Breach of Contract**

20. The Policy sets forth contractual obligations on the part of Amerisure to defend Ewing in connection with liability exposures when allegations against Ewing exist for property damage and no exclusions in the Amerisure insurance policies bar coverage.

21. Amerisure breached its insurance contract by failing to pay defense costs in connection with the Underlying Lawsuit. In particular, the Underlying Lawsuit falls within the coverage afforded by the Policy and no exclusions apply to negate coverage. In addition, all conditions in the policy either were satisfied or were waived by Amerisure.

**C.  Prompt Payment of Claims Statute**

22. The failure of Amerisure to timely provide a defense to Ewing in the Underlying Lawsuit and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

23. Ewing, therefore, in addition to its claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**D.    Attorneys' Fees**

24. Ewing engaged the undersigned attorneys to prosecute this lawsuit against Amerisure and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25. Ewing prays it is awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code.

## VI.
## CONDITIONS PRECEDENT

26. All conditions precedent to Ewing's right to recover under the Policy at issue have occurred, have been fully performed, or have been waived by Amerisure.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Ewing prays that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Amerisure, and that Ewing recover all damages from and against Amerisure that may reasonably be established by a preponderance of the evidence, and that Ewing be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ewing may show itself to be justly entitled.

                Respectfully Submitted,

By:   /s/ Lee H. Shidlofsky
      Lee H. Shidlofsky
      Texas Bar No. 24002937
      Southern District No. 22026
      Douglas P. Skelley
      Texas Bar No. 24056335
      Southern District No. 903934

**COUNSEL FOR PLAINTIFF**

OF COUNSEL:

VISSER SHIDLOFSKY LLP
7200 N. Mopac Expy., Suite 430
Austin, Texas 78731
(512) 795-0600
(866) 232-8709 FAX
E-mail: lee@vsfirm.com
E-mail: doug@vsfirm.com